

FILED

12/04/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0685

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0685

---

ROBERT MATTHEW WITTAL,

Petitioner,

v.

D.J. GODFREY, Warden,
Crossroads Correctional Center,

Respondent.

O R D E R

FILED

DEC 0 4 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Representing himself, Robert Matthew Wittal has filed a Petition for Writ of Habeas Corpus, stating that this writ is the correct remedy "to address the illegal portion of his sentence. Section 46-22-101(1), MCA."

This Court is familiar with Wittal's history. In 2016, the State charged Wittal with deliberate homicide in the Eleventh Judicial District Court. A Flathead County jury found him guilty. The District Court imposed a 100-year term for the felony conviction and a consecutive, ten-year term as a weapon enhancement. Through counsel, Wittal appealed, raising a claim of ineffective assistance of counsel (IAC) concerning a jury instruction. *State v. Wittal*, 2019 MT 210, ¶¶ 1, 12-14, 397 Mont. 155, 447 P.3d 1039 (*Wittal I*). We affirmed the conviction. *Wittal I*, ¶ 15.

Wittal timely sought post-conviction relief in the District Court. The District Court denied his petition, and Wittal appealed. *Wittal v. State*, No. DA 22-0303, 2023 MT 191N, 2023 Mont. LEXIS 997 (Oct. 10, 2023) (*Wittal II*). Wittal argued an IAC claim for his attorney's failure to call two key alibi witnesses. *Wittal II*, ¶ 3. We affirmed, explaining that the District Court's findings were not clearly erroneous and that the court did not abuse its discretion when it dismissed his petition without an evidentiary hearing. *Wittal II*, ¶¶ 2, 17.

Wittal now raises three claims in his petition for habeas corpus relief. Citing to Montana case law, he alleges that his assault with a weapon conviction, Count II, is illegal because of his deliberate homicide conviction. He contends that the written judgment does not reflect the oral pronouncement and that the District Court did not state the reason for the forty-five-year parole ineligibility restriction.

Wittal's claims are misplaced. Wittal does not have a second conviction of assault with a weapon. He has a sentence enhancement. Pursuant to § 46-18-221(1), MCA, "a person who has been found guilty of any offense, . . . and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device, as defined in 45-8-332(1), or other dangerous weapon shall, in addition to the punishment provided for the commission of the underlying offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years, except as provided in 46-18-222." The additional sentence "must run consecutively to the sentence provided for the offense." Section 46-18-221(4), MCA. Wittal used two different knives when repeatedly stabbing the victim in 2016. *Wittal I*, ¶ 4. The use of the weapon is not an element of deliberate homicide. *See* § 45-5-102 (1), and 46-18-221(1), MCA. The District Court imposed a lawful consecutive ten-year term under Montana law.

Wittal objects to the District Court's reasons for the sentence. The court stated:

> In consideration of the nature of the offense, testimony presented to the court, the recommendations of the parties and the Pre-Sentence Investigation . . . , the [c]ourt determined that Defendant presents a serious threat to the community. He committed homicide by a process approaching torture where he chased the victim about the woods at night with a large knife, slowly hacking and stabbing him to death while others looked on. The motivation behind this heinous crime was to enhance his reputation as an enforcer in the local drug community. He committed his crime under the influence of methamphetamines and had immersed himself deeply into the local drug culture over a lengthy period of time. He refuses to accept accountability for his heinous crime and claims innocence, but in the face of overwhelming evidence of guilt beyond a reasonable doubt. In consideration of these facts, Defendant is a dangerous and violent offender who cannot safely be allowed to be at large in the community.

2

We point out that these reasons explained the basis for the parole ineligibility restriction. Section 46-18-202(2), MCA. Wittal brings his objections too late to this Court when he did not raise them in the District Court or on appeal. He has waived his ability to raise these claims. Section 46-20-104(2), MCA.

Wittal has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. By appealing his conviction in 2017, Wittal is procedurally precluded from challenging his conviction or raising any claims when he has exhausted the remedy of appeal. Section 46-22-101(2), MCA. Wittal has a lawful sentence, and he is not entitled to his release.

IT IS THEREFORE ORDERED that Wittal's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this case is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Robert Matthew Wittal personally.

DATED this 4ᵗʰ day of December, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3